UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

XINYUE HIPPE, *on behalf of herself and all others similarly situated*,

        Plaintiff,

      v.                            Case No. 25-C-475

FAVORITE DAUGHTER HOLDINGS, LLC,

        Defendant.

## ORDER GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

On April 1, 2025, Plaintiff Xinyue Hippe filed this putative class action against Defendant Favorite Daughter Holdings, LLC, alleging Defendant violated Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189, by owning and operating a website that denies visually impaired individuals full and equal access. Plaintiff also asserts a related claim for negligent infliction of emotional distress. On April 11, 2025, service was perfected on Defendant, but Defendant failed to timely answer or otherwise respond. Plaintiff therefore requested the Clerk's entry of default on June 13, 2025. The Clerk entered default against Defendant on June 16, 2025. The matter is now before the court on Plaintiff's motion for default judgment against Defendant. For the following reasons, Plaintiff's motion will be granted in part and denied in part.

The court notes at the outset that it appears that Plaintiff has abandoned any attempt to further this case as a class action. She does not seek class damages and has not moved to certify a class as required by Federal Rule of Civil Procedure 23(c)(1). *See Davis v. Hutchins*, 321 F.3d 641, 648 (7th Cir. 2003) ("Class damages cannot be awarded if no class is certified." (citation

omitted)). Accordingly, the court construes Plaintiff's motion for default judgment as brought on behalf of herself as an individual.

Federal Rule of Civil Procedure 55 governs the entry of default and default judgment. At step one, the plaintiff must obtain the entry of default from the clerk. Fed. R. Civ. P. 55(a). Upon the entry of default, the court accepts the well-pleaded allegations set forth in the complaint as true. *See VLM Food Trading Int'l, Inc. v. Ill. Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). At step two, after obtaining the entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b). "A default judgment establishes, as a matter of law, that defendants are liable to plaintiff on each cause of action in the complaint." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citation omitted). Importantly, however, while the court accepts all well-pleaded factual allegations as true for purposes of determining liability, "the plaintiff still must establish his entitlement to the relief he seeks" at step two. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004); *see also e360 Insight*, 500 F.3d at 602. That requires a plaintiff, when not seeking a sum certain, "to introduce evidence on the damages caused them by" the defendants' unlawful conduct. *In re Catt*, 368 F.3d at 793 (collecting sources).

Here, accepting the well-pleaded allegations as true, Plaintiff is entitled to default judgment as to her claim under the ADA. The allegations in the complaint establish that Defendant owns or operates a place of public accommodation, https://Shopfavoritedaughter.com, and that Plaintiff was deprived of equal access and enjoyment of that public accommodation because Defendant failed to ensure that public accommodation was accessible to individuals like Plaintiff who are legally blind. *McCabe v. Heid Music Co., Inc.*, No. 23-CV-1215-JPS, 2024 WL 1174352, at *3–*5 (E.D. Wis. Mar. 19, 2024); 42 U.S.C. § 12182(a).

It is unclear whether Plaintiff has abandoned her claim for negligent infliction of emotional distress. Plaintiff does not cite to any authority setting forth the elements of a negligent infliction of emotional distress claim in her motion. She merely asks the court to "[a]ward compensatory damages to Plaintiff in an amount determined by the Court to fairly redress the emotional distress suffered." Dkt. No. 9 at 2. The complaint sufficiently alleges negligent infliction of emotional distress. Plaintiff alleges that Defendant negligently breached its duty of care to Plaintiff by failing to maintain the accessibility of https://Shopfavoritedaughter.com, thus causing Plaintiff severe emotional distress. *Bowen v. Lumbermens Mutual Casualty Co.*, 183 Wis. 2d 627, 517 N.W.2d 432, 434 (1994).

Plaintiff's prayer for relief in her complaint requests nominal, compensatory, and punitive damages. Compl. at 20, Dkt. No. 1. Her motion, on the other hand, refers only to compensatory damages. And the proposed order attached to her motion advances yet a third alternative: nominal and compensatory damages. Dkt. No. 9-3 at 1 ("Defendant shall pay Plaintiff nominal damages of $1.000,00 [sic] and compensatory damages."). As to her ADA claim, "monetary damages as a general category are not available to Title III ADA plaintiffs." *McCabe*, 2024 WL 1174352, at *5 (collecting cases). The court therefore denies Plaintiff's request for money damages related to Defendant's violation of Title III of the ADA. Plaintiff has also failed to submit any affidavits or other evidence to support an award of compensatory or punitive damages for her claim of negligent infliction of emotional distress. Accordingly, the court will only award nominal damages of $1.00 as to that claim. *In re Catt*, 368 F.3d at 793 (holding that a plaintiff is required to introduce evidence as to damages when seeking default judgment).

Plaintiff also seeks declaratory and injunctive relief. Plaintiff seeks injunctive relief requiring Defendant to, "within 180 days of this Order, bring its website

3

(https://Shopfavoritedaughter.com) into full compliance with the Web Content Accessibility Guidelines (WCAG) 2.2 Level AA and maintain that compliance going forward," as well as "implement policies, practices, and training to ensure continued compliance with the ADA for all future website content and updates." Dkt. No. 9-3 at 1. The court concludes that Plaintiff is entitled to the injunctive relief sought, *LAJIM, LLC v. Gen. Elec. Co.*, 917 F.3d 933, 944 (7th Cir. 2019) (setting forth factors for considering whether to award injunctive relief), with minor modification "to tailor injunctive relief to the scope of the violation found," *e360 Insight*, 500 F.3d at 604–05 (quoting *Nat'l Org. for Women, Inc. v. Scheidler*, 396 F.3d 807, 817 (7th Cir. 2005), *rev'd on other grounds*, 547 U.S. 9, 23 (2006)). The court will not require Defendant to "implement policies, practices, and training to ensure continued compliance with the ADA for all future website content and updates." Doing so would be overly burdensome as this case concerns an individual denied equal access on the basis of legal blindness. The ADA, however, is far more expansive. So issuing Plaintiff's requested injunction would compel conduct outside the scope of the specific violation addressed herein. Accordingly, the court will order Defendant to, within 180 days of this Order, bring its website (https://Shopfavoritedaughter.com) into full compliance with the Web Content Accessibility Guidelines (WCAG) 2.2 Level AA and implement policies, practices, and training to ensure that compliance going forward. Plaintiff's request for declaratory relief is inappropriate as it only seeks to address past conduct. *McCabe*, 2024 WL 1174352, at *8. It will therefore be denied.

As a final matter, Plaintiff seeks to recover her costs and reasonable attorney's fees. "[T]he ADA states that a court may award 'a reasonable attorney's fee, *including* litigation expenses, and costs.'" *Lange v. City of Oconto*, 28 F.4th 825, 849 (7th Cir. 2022) (quoting 42 U.S.C. § 12205). Plaintiff may therefore submit a fee petition for the court's review on or before August 10, 2025.

Entry of judgment, however, will not be delayed "in order to tax costs or award fees." Fed. R. Civ. P. 58(e).

For the above reasons, Plaintiff's motion for default judgment (Dkt. No. 9) is **GRANTED in part** and **DENIED in part**. Specifically, it is granted as to Plaintiff's request for injunctive relief for Defendant's violation of Title III of the ADA. Defendant Favorite Daughter Holdings, LLC shall, within 180 days of this order, bring its website (https://Shopfavoritedaughter.com) into full compliance with the Web Content Accessibility Guidelines (WCAG) 2.2 Level AA and implement policies, practices, and training to ensure that compliance going forward. Plaintiff's motion is also granted as to her request for nominal damages for Defendant's negligent infliction of emotional distress. Plaintiff is awarded $1.00 in nominal damages. In all other respects, Plaintiff's motion is denied. Plaintiff may submit a fee petition for the court's review on or before **August 10, 2025**.

**SO ORDERED** at Green Bay, Wisconsin this 9th day of July, 2025.

_____
William C. Griesbach
United States District Judge